1   XAVIER BECERRA
    Attorney General of California
2   MARK R. BECKINGTON
    Supervising Deputy Attorney General
3   AMIE L. MEDLEY
    Deputy Attorney General
4   State Bar No. 266586
     300 South Spring Street, Suite 1702
5     Los Angeles, CA  90013
      Telephone: (213) 269-6226
6     Fax: (213) 897-5775
      E-mail:  Amie.Medley@doj.ca.gov
7   *Attorneys for Attorney General Xavier*
    *Becerra*

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13   **DON HIGGINSON,**                      3:17-CV-2032 WQHJLB

14                          Plaintiff,

15         **v.**                            **DEFENDANT XAVIER
                                             BECERRA'S MEMORANDUM OF**
16                                           **POINTS AND AUTHORITIES IN**
                                             **SUPPORT OF MOTION TO**
17   **XAVIER BECERRA, in his official**     **DISMISS COMPLAINT**
     **capacity as ATTORNEY GENERAL**
18   **OF CALIFORNIA; and CITY OF**          Judge:       Hon. William Q. Hayes
     **POWAY, CALIFORNIA,**                  Date:        December 26, 2017
19
                           Defendants.       **No Oral Argument Unless Requested**
20                                           **by the Court**

21

22

23

24

25

26

27

28

  
# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

BACKGROUND ........................................................................................................ 1

    I.    The Complaint ............................................................................................ 1

    II.   The CVRA .................................................................................................. 2

ARGUMENT .............................................................................................................. 3

    I.    Plaintiff Lacks Standing to Bring His CVRA Challenge ...................... 3

        A.    Plaintiff Has Not Alleged an Injury-in-Fact .............................. 4

        B.    Plaintiff Has Not Alleged Causation ......................................... 7

        C.    The Requested Relief Cannot Redress Plaintiff's Alleged Injury .......................................................................................... 8

    II.   Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted .................................................................................................. 10

        A.    Plaintiff Has Not Sufficiently Alleged a Facial or As-Applied Challenge to the CVRA ............................................ 10

        B.    Plaintiff Has Not Sufficiently Alleged that the CVRA Should Be Subject to Strict Scrutiny ....................................... 12

        C.    Plaintiff Has Not Sufficiently Alleged a Claim Under the Supreme Court's Redistricting Cases ..................................... 14

CONCLUSION ........................................................................................................ 16

# TABLE OF AUTHORITIES

**CASES**          <u>Page</u>

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...................................................................... 10

*Bartlett v. Strickland*
  556 U.S. 1 (2009) ............................................................................ 5

*Cal. Teachers Ass'n v. Davis*
  64 F. Supp. 2d 945 (C.D. Cal. 1999)....................................... 3, 13

*Chandler v. State Farm Mut. Auto. Ins. Co.*
  598 F.3d 1115 (9th Cir. 2010)..................................................... 3

*Chaset v. Fleer/Skybox Int'l, L.P.*
  300 F.3d 1083 (9th Cir. 2002)..................................................... 9

*City of Los Angeles v. Patel*
  135 S.Ct. 2443 (2015) ............................................................... 12

*Cooper v. Harris*
  137 S.Ct. 1455 (2017) ............................................................ 5, 14

*Gompper v. VSIX, Inc.*
  298 F.3d 893 (9th Cir. 2002)..................................................... 15

*Hoye v. City of Oakland*
  653 F.3d 835 (9th Cir. 2011)................................................ 11, 12

*Ileto v. Glock Inc.*
  349 F.3d 1191 (9th Cir. 2003).................................................... 10

*Isaacson v. Horne*
  716 F.3d 1213 (9th Cir. 2013).................................................... 12

*Levine v. Vilsack*
  587 F.3d 986 (9th Cir. 2009)....................................................... 8

*Maya v. Centex Corp.*
  658 F.3d 1060 (9th Cir. 2011)..................................................... 7

# TABLE OF AUTHORITIES
### (continued)

Page

*Miller v. Johnson*
   515 U.S. 900 (1995) ........................................................................ 14, 15

*Novak v. U.S.*
   795 F.3d 1012 (9th Cir. 2015) ................................................................ 8

*Roberts v. Corrothers*
   812 F.2d 1173 (9th Cir. 1987) ........................................................... 4, 5, 6

*Rogers v. Lodge*
   458 U.S. 613 (1982) ...................................................................... 11, 14

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004) ................................................................ 3

*San Diego Cty. Gun Rights Comm. v. Reno*
   98 F.3d 1121 (9th Cir. 1996) ................................................................. 7

*Sanchez v. Modesto*
   145 Cal. App. 4th 660 (2006) ........................................................*passim*

*Shaw v. Reno*
   509 U.S. 630 (1993) ......................................................................... 5

*Shroyer v. New Cingular Wireless Servs., Inc.*
   622 F.3d 1035 (9th Cir. 2010) .............................................................. 10

*Simon v. Eastern Ky. Welfare Rights Org.*
   426 U.S. 26 (1976) .......................................................................... 8

*Sinkfield v. Kelley*
   531 U.S. 28 (2000) ...................................................................... 5, 6, 7

*Thomas v. Anchorage Equal Rights Comm.*
   220 F.3d 1134 (9th Cir. 2000) ............................................................... 9

*U.S. v. Hays*
   515 U.S. 737 (1995) ................................................................*passim*

*Valdez-Lopez v. Chertoff*
   656 F.3d 851 (9th Cir. 2011) ............................................................... 10

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Wash. State Grange v. Wash. State Republican Party*
552 U.S. 442 (2008) ................................................................ 10

*Whitcomb v. Chavis*
403 U.S. (1971) ...................................................................... 11

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000) ................................................ 3

**STATUTES**

Federal Voting Rights Act § 2.
52 U.S.C. § 10301(a) ......................................................... 14, 15

California Elections Code
§ 14027 ............................................................................... 2
§ 14028(a) ........................................................................... 2
§ 14032 ................................................................... 3, 8, 9, 13
§ 21601 ............................................................................... 15

**CONSTITUTIONAL PROVISIONS**

United States Constitution Fourteenth Amendment .......................... *passim*

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 12(b)(1)....................................................................... 3, 4

Rule 12(b)(6)....................................................................... 10

iv

**INTRODUCTION**

Plaintiff challenges the constitutionality of the California Voting Rights Act (CVRA), alleging that it violates the Fourteenth Amendment of the United States Constitution.  He requests declaratory relief invalidating the statute and an injunction preventing Attorney General Xavier Becerra from enforcing the CVRA statewide.

The CVRA allows voters to challenge at-large elections when racially polarized voting has impaired their ability to elect their candidate of choice or to influence electoral outcomes.  The most common remedy for a CVRA violation is a move from at-large elections to by-district elections.  Plaintiff alleges in his complaint that a change from at-large voting to by-district voting to remedy vote dilution necessarily forces political subdivisions to engage in racial gerrymandering in violation of the Fourteenth Amendment.  Plaintiff's complaint should be dismissed for two reasons.

First, as a threshold matter, Plaintiff has not met his burden in establishing standing to challenge the CVRA.  He has failed to sufficiently plead any of the three required elements of standing: injury-in-fact, causation, or redressability.  Second, he has not alleged sufficient facts to state a claim for relief.  He has not sufficiently alleged a facial or as-applied challenge; he has not sufficiently alleged a claim under the Supreme Court's redistricting cases (which are not even applicable in this case); and he has failed to allege that the CVRA is the type of race-based statute that triggers strict scrutiny.  No allegations Plaintiff could add to his complaint would remedy these deficiencies.  Thus, the complaint should be dismissed without leave to amend.

**BACKGROUND**

**I.   THE COMPLAINT**

Plaintiff alleges that he is a resident and registered voter in the City of Poway.  Compl. at ¶ 10.  According to the Complaint, the City of Poway, in response to a

1

letter from a private attorney threatening litigation under the CVRA, abandoned its at-large system for its City Council elections and instead adopted a by-district system and, subsequently, a map dividing the city into four districts. *Id*. at ¶¶ 31-52.  Plaintiff alleges that when the new district map is implemented, he will vote in District 2, which he claims is "racially gerrymandered as a result of the redistricting the California Voting Rights Act has imposed on the City." *Id*. at ¶ 10.  He further alleges that "[t]he CVRA makes race the predominant factor in drawing electoral districts," and, therefore, strict scrutiny applies. *Id.* at ¶ 56.  He argues that the CVRA cannot pass strict scrutiny and thus violates the Fourteenth Amendment. *Id*. at ¶ 57-59.  Though the complaint does not specify whether Plaintiff challenges the statute on its face or as applied to the City of Poway, his request for declaratory relief invalidating the statute in its entirety indicates a facial challenge.  Compl. at ¶ 62.

## II.   THE CVRA

The CVRA provides that "[a]n at-large method of election may not be imposed or applied in a manner that impairs the ability of a protected class to elect candidates of its choice or its ability to influence the outcome of an election, as a result of the dilution or the abridgment of the rights of voters who are members of a protected class . . . ." Cal. Elec. Code, § 14027.  To establish a violation under the CVRA, a plaintiff must show that "racially polarized voting occurs in elections for members of the governing body of the political subdivision or in elections incorporating other electoral choices by the voters of the political subdivision." Cal. Elec. Code, § 14028(a).  "Racially polarized voting" is defined as "voting in which there is a difference . . . in the choice of candidates or other electoral choices that are preferred by voters in a protected class, and in the choice of candidates and electoral choices that are preferred by voters in the rest of the electorate." *Id*., § 14026(e).  Under the CVRA "[a]ny voter who is a member of a protected class and who resides in a political subdivision where a violation of Section 14027 and

2

14028 is alleged may file an action pursuant to those sections . . . ."  Cal. Elec. Code, § 14032.

## ARGUMENT

### I.   PLAINTIFF LACKS STANDING TO BRING HIS CVRA CHALLENGE

To bring a claim in federal court, a plaintiff must establish he has standing to do so.  The question of standing is not subject to waiver, and "it is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *U.S. v. Hays*, 515 U.S. 737, 743 (1995) (internal citations omitted).  To establish standing, a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'

*Id.* at 742-43 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  "[A] lack of threatened enforcement by the sued state official means that the 'case or controversy' requirement of the Article III is not satisfied."  *Cal. Teachers Ass'n v. Davis*, 64 F. Supp. 2d 945, 950 (C.D. Cal. 1999) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1991)).

Because standing "pertain[s] to the federal courts' subject matter jurisdiction, [it] is properly raised in a Rule 12(b)(1) motion to dismiss."  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).

3

1    In considering a Rule 12(b)(1) motion, "a court need not 'assume the truth of legal

2    conclusions merely because they are cast in the form of factual allegations.'"

3    *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Western*

4    *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

5        **A.    Plaintiff Has Not Alleged an Injury-in-Fact**

6        Plaintiff has not alleged any injury he himself has suffered as a result of the

7    CVRA.  The Complaint alleges that Mr. Higginson "has brought this action to

8    vindicate his constitutional rights under the Fourteenth Amendment" and that "[t]he

9    failure to enjoin the CVRA will irreparably harm Plaintiff by violating his

10   constitutional rights."  Compl. at ¶¶ 7, 60.  Plaintiff further alleges that his new

11   district "like all of the City's districts, is racially gerrymandered as a result of the

12   redistricting the [CVRA] has imposed on the City."  Compl. at ¶ 10.  He has not

13   included any allegations regarding how he himself has been injured.

14       "The rule against generalized grievances applies with as much force in the

15   equal protection context as in any other."  *Hays*, 515 U.S. at 743.  "[E]ven if a

16   governmental actor is discriminating on the basis of race the resulting injury

17   accords a basis for standing only to those persons who are personally denied equal

18   treatment by the challenged discriminatory conduct."  *Id*. at 743-44 (internal

19   citations omitted).  Plaintiff's claim—that all districts drawn in an effort to correct

20   for vote dilution resulting from at-large district elections violate the Fourteenth

21   Amendment—is precisely the type of generalized grievance that cannot support

22   standing.

23       Plaintiff cites U.S. Supreme Court cases that discuss the potential risks and

24   harms of racial gerrymandering (Compl. at ¶ 20) but does not allege that any of

25   those harms have actually occurred here.  Plaintiff's claim is unlike most

26   redistricting claims, which typically challenge the way district lines are drawn (i.e.,

27   whether race predominated in drawing those lines, as evidenced by the number of

28   voters from protected classes included in the district, whether the districts are

4

1    bizarrely shaped, and other factors) rather than the decision to draw them in the first

2    place.  *See*, *e.g.*, Compl. at ¶ 20; *Cooper v. Harris*, 137 S.Ct. 1455, 1465 (2017)

3    (challenge to North Carolina's congressional districts 1 and 12); *Shaw v. Reno*, 509

4    U.S. 630, 657 (1993) (same); *Bartlett v. Strickland*, 556 U.S. 1, 7 (2009) (challenge

5    to North Carolina's state house of representatives district 18).  The standards

6    developed in these cases for determining whether racial gerrymandering has

7    occurred do not appear to have been applied in a case similar to this one, where a

8    state statute addressing vote dilution as a result of at-large elections was at issue.

9    Thus, the cases cited are not applicable in this context.

10        Even if the cases Plaintiff cites in his complaint could be extended sufficiently

11   to encompass to his claim, he would not be able to establish standing under those

12   cases.  To establish standing, plaintiffs in redistricting cases must demonstrate that

13   they live in a racially gerrymandered district or have personally been subjected to a

14   racial classification.  *Sinkfield v. Kelley*, 531 U.S. 28, 30 (2000); *Hays*, 515 U.S. at

15   745.  The question of whether "racial gerrymandering" has occurred involves a

16   complex analysis under the Supreme Court's case law.[1]  To establish that an

17   election district is "the product of unconstitutional gerrymandering," a plaintiff

18   must allege that he or she was "assigned to his or her district as a direct result of

19   having 'personally been subjected to a racial classification.'"  *Sinkfield*, 531 U.S. at

20   30 (citing *Hays*, 515 U.S. at 745).  Plaintiff in this case has made no such

21   allegation.  Instead he alleges that "[t]he creation of that district, like all of the

22   City's new districts, is traceable to the CVRA's requirement that the City engage in

23   racial gerrymandering."  Compl. at ¶ 7.  Plaintiff's complaint is devoid of

24        [1] Although dismissal is not appropriate where "the question of jurisdiction is
     dependent on the resolution of factual issues going to the merits," (*Roberts*, 812
25   F.2d at 1177) that is not the case here.  Because the allegations in the complaint are
     themselves insufficient to create a factual issue as to whether racial gerrymandering
26   has occurred, the Court need not look any further than the pleadings to resolve the
     question of standing.  *Id.* ("This standard, often cited in Rule 12(b)(6) motions . . .
27   is equally applicable in motions challenging subject matter jurisdiction when such
     jurisdiction may be contingent upon factual matters in dispute.") (internal citations
28   omitted).

allegations that could serve as a factual basis for his conclusion that his district has been racially gerrymandered. "A court need not 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Roberts*, 812 F.2d at 1177. Plaintiff's conclusory allegation that racial gerrymandering has occurred is insufficient to establish standing.

This case falls squarely within the holdings of *U.S. v. Hays* and *Sinkfield v. Kelly*, both of which held that plaintiffs lacked standing to bring Fourteenth Amendment challenges to particular redistricting efforts. In *Hays*, four plaintiffs attempted to challenge Louisiana's congressional redistricting plan as a "racial gerrymander," but the Supreme Court held they did not have standing. *Hays*, 515 U.S. at 739. The Court explained that "appellees do not live in the district that is the primary focus of their racial gerrymandering claim, and they have not otherwise demonstrated that they, personally, have been subjected to a racial classification." *Id.* As mentioned, though Plaintiff in this case alleges that he lives in a racially gerrymandered district, he alleges no facts that support that decision. He does not allege that he has personally been subjected to a racial classification.

The circumstances in *Sinkfield v. Kelly* were even more similar to Plaintiff's allegations in this case. There, the plaintiffs were "challenging their own majority-white districts as the product of unconstitutional racial gerrymandering under a redistricting plan whose purpose was the creation of majority-minority districts," but had not alleged "that any of them was assigned to his or her district as a direct result of having 'personally been subjected to a racial classification.'" *Sinkfield*, 531 U.S. at 30 (quoting *Hays*, 515 U.S. at 745). The Court rejected the plaintiffs' argument that "an unconstitutional use of race in drawing the boundaries of majority-minority districts necessarily involves an unconstitutional use of race in drawing the boundaries of neighboring majority-white districts." *Sinkfield*, 531 U.S. at 30-31.

Defendant Xavier Becerra's Motion to Dismiss Complaint (3:17-CV-2032 WQHJLB)

1    Here, Plaintiff has not alleged that the City of Poway made any attempt to

2    draw a majority-minority district; in fact, he has not alleged that the City took race

3    into account at all in drawing the district lines.  His only argument is that the lines

4    are somehow tainted because they stem from a decision made in response to a letter

5    from a private attorney threatening litigation under the CVRA.  Like the asserted

6    injury in *Sinkfield*, Plaintiff's alleged injury is not "a cognizable injury under the

7    Fourteenth Amendment."  *Id*. at 30.  His allegations are insufficient to support

8    standing under *Hays* and *Sinkfield*.

9    ### B.    Plaintiff Has Not Alleged Causation

10    The second element of constitutional standing is causation.  "To survive a

11    motion to dismiss for lack of constitutional standing, plaintiffs must establish a line

12    of causation between defendants' action and their alleged harm that is more than

13    attenuated."  *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (internal

14    citations omitted).  An alleged injury "does not satisfy the requirements of Article

15    III [where] it is 'th[e] result [of] the independent action of some third party not

16    before the court.'"  *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130

17    (9th Cir. 1996) (quoting *Lujan*, 504 U.S. at 560).

18    Plaintiff alleges a chain of causation between the CVRA and his alleged

19    injury.  He alleges that "[o]n June 7, 2017, the City received a certified letter from

20    an attorney, Kevin Shenkman, asserting that the City's at-large system violates the

21    CVRA."  Compl. at ¶ 32.  The allegations go on to state that "in response to the

22    Shenkman letter, the City Council held a closed session to discuss the threatened

23    CVRA litigation."  Compl. at ¶ 35.  After further investigation, according to the

24    complaint, "the Council voted 5-0 to proceed with Map 133, an election plan that

25    divides the City into four districts."  Compl. at ¶ 49.  Plaintiff then alleges that

26    "[t]he City would not have switched from at-large elections to single-district

27    elections but for the prospect of liability under the CVRA."  Compl. at ¶ 52.

28

1    The missing link in this chain that attempts to link the City's decision to the

2    CVRA is any finding of a violation.  The CVRA does not require political

3    subdivisions to abandon at-large voting districts unless racially polarized voting has

4    occurred.  The complaint does not include any allegations regarding racially

5    polarized voting, either that it did or did not occur.  Furthermore, based on the

6    allegations in the complaint, it appears that the cost of litigation under the CVRA

7    rather than the CVRA itself lead to the City's decision.  Even if this chain of

8    causation were sufficient to link Plaintiff's alleged injury-in-fact to the CVRA, that

9    alleged injury is not traceable to any action taken by the Attorney General.  The

10   letter that threatened litigation against the City of Poway came not from the

11   Attorney General or any other state agency, but from a private attorney (Compl. at

12   ¶¶ 31-34) as permitted by statute.  Cal. Elec. Code, § 14032.  The City of Poway's

13   decision to switch from at-large to by-district elections in response to that letter and

14   to avoid litigation under the CVRA is not traceable to any action by the Attorney

15   General.  Plaintiff has not established causation sufficient to support standing that

16   could support preliminary injunctive relief against the Attorney General.

17   **C.    The Requested Relief Cannot Redress Plaintiff's Alleged Injury**

18   The third and final element of Article III standing is redressability.  To invoke

19   standing, a plaintiff must show that the alleged injury is "likely to be redressed by a

20   favorable decision."  *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38

21   (1976).  "There is no standing if, following a favorable decision, whether the injury

22   would be redressed would still depend on 'the unfettered choices made by

23   independent actors not before the courts.'"  *Novak v. U.S.*, 795 F.3d 1012, 1020

24   (9th Cir. 2015) (quoting *Asarco, Inc. v. Kadish*, 490 U.S. 605, 615 (1989)).  When

25   considering standing at the motion to dismiss stage, "a court's obligation to take a

26   plaintiff at its word . . . in connection with Article III standing issues is primarily

27   directed at the injury in fact and causation issues, not redressability."  *Levine v.*

28   *Vilsack*, 587 F.3d 986, 997 (9th Cir. 2009).  Thus, the Court is not confined to the

8

1   allegations in the Complaint in considering whether the requested relief is likely to

2   redress Plaintiff's alleged injury.

3       Plaintiff's requested relief—an injunction preventing "Defendant Becerra from

4   enforcing or giving any effect to the [CVRA]"—would not redress his alleged

5   injury.  Compl. at ¶¶ 62-63.  Enforcement of the CVRA falls mostly to private

6   citizens who decide to challenge at-large election districts they believe impair the

7   rights of voters in protected classes because of racially polarized voting.  Cal. Elec.

8   Code, § 14032 ("[a]ny voter who is a member of a protected class and who resides

9   in a political subdivision where a violation of Sections 14027 and 14028 is alleged

10  may file an action pursuant to those sections in the superior court of the county in

11  which the political subdivision is located.").  Plaintiff has not alleged that the

12  Attorney General has threatened to enforce the CVRA against the City of Poway.

13  "[N]either the mere existence of a proscriptive statute nor a generalized threat of

14  prosecution satisfies the 'case or controversy' requirement."  *Thomas v. Anchorage*

15  *Equal Rights Comm.*, 220 F.3d 1134, 1139 (9th Cir. 2000) (citing *San Diego Cnty.*

16  *Gun Rights Comm.*, 98 F.3d at 1126-27).  Enjoining the Attorney General from

17  enforcing the statute would not stop individuals from bringing claims under the

18  CVRA.  Furthermore, because the City of Poway voluntarily changed from an at-

19  large election system to a by-district system with no finding of a CVRA violation,

20  enjoining the enforcement of the statute would not ensure that the City abandons

21  Map 133.

22      Because Plaintiff has failed to meet his burden of alleging sufficient facts to

23  support standing, this case should be dismissed.  Where a plaintiff cannot "cure the

24  basic flaw in their pleading . . . there is no need to prolong the litigation by

25  permitting further amendment."  *Chaset v. Fleer/Skybox Int'l, L.P.*, 300 F.3d 1083,

26  1088 (9th Cir. 2002).  Plaintiff cannot add any allegations to the complaint that

27  would cure his lack of standing, particularly as to the causation and redressability

28  prongs.  Thus, the complaint should be dismissed without leave to amend.

## II.   PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if Plaintiff has sufficiently alleged standing in this case, he has failed to plead a claim on which relief can be granted.  A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  The legal sufficiency of a complaint is measured by whether it provides "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Valdez-Lopez v. Chertoff*, 656 F.3d 851, 858-59 (9th Cir. 2011).  In other words, the complaint must indicate a cognizable legal theory for the case.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### A.   Plaintiff Has Not Sufficiently Alleged a Facial or As-Applied Challenge to the CVRA

Plaintiff's challenge to the constitutionality of the CVRA fails whether it is brought as a facial or as-applied challenge.

"[A] plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008).  A similar facial challenge failed in *Sanchez*.  There, the court explained that:

> [The] arguments are partially based on Supreme Court cases that struck down specific redistricting plans drawn up partly to avoid racial vote dilution that might violate section 2 of the FVRA. Because those cases only address specific actions taken by states to cure racial vote dilution (i.e., the creation of particular districts),

10

their impact here relates only to the validity of specific applications of the CVRA—applications that at this point are hypothetical.

*Sanchez v. Modesto*, 145 Cal. App. 4th 660, 688 (2006).  Likewise, in this case Plaintiff attempts to apply the test developed through the Supreme Court's redistricting cases to ensure that single-member districting plans comply with the Fourteenth Amendment to the CVRA, a statute that does not draw single-member districts or offer specific guidance on how to do so.  Instead, he asks this court to assume that any single-member district drawn in order to correct for a violation of the CVRA (actual or perceived) must be struck down as an unconstitutional race-based district.  No such assumption can be validly made.

Plaintiff has not sufficiently alleged a facial challenge in this case.  "If it does not charge statutory overbreadth, 'a facial challenge must fail where the statute has a plainly legitimate sweep."  *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011) (quoting *Wash. State Grange*, 552 U.S. at 449).  The CVRA has "a plainly legitimate sweep" because it is aimed at remedying vote dilution resulting from the use of at-large elections where racially polarized voting occurs.  The harms of vote dilution to minority voters and the effect of at-large districts in impairing minority voting power are well recognized.  *Rogers v. Lodge*, 458 U.S. 613, 616 (1982) ("At-large voting schemes and multimember districts tend to minimize the voting strength of minority groups by permitting the political majority to elect *all* representatives of the district.");  *Whitcomb v. Chavis*, 403 U.S. at 158-159 (1971) (noting that multi-member district plans have been criticized due, in part, to "their winner-take-all aspects" and "their tendency to submerge minorities and to overrepresent the winning party as compared with the party's statewide electoral position.")  Though it is possible that a political subdivision might adopt a single-member redistricting plan that does not comport with constitutional requirements, "the possibility of some court imposing an unconstitutional remedy under the

1    CVRA in some cases is not . . . a basis for *facial* invalidation." *Sanchez*, 145 Cal.

2    App. 4th at 686.

3         In "assessing whether a statute meets [the all-circumstances] standard, the

4    Court has considered only applications of the statute in which it actually authorizes

5    or prohibits conduct." *City of Los Angeles v. Patel*, 135 S.Ct. 2443, 2451 (2015).

6    Plaintiff has not offered such an application for the Court's consideration in this

7    case.  The CVRA only requires a political subdivision to change its election system

8    where racially polarized voting has occurred.  Plaintiff has not alleged that racially

9    polarized voting has occurred in the City of Poway or that there has ever been any

10   finding of racially polarized voting.  In the absence of such a finding, it is not clear

11   whether the CVRA prohibits at-large elections when applied to the City of Poway

12   or not.  Thus, the facts alleged in Plaintiff's complaint cannot support a facial

13   challenge to the CVRA.

14        Neither has Plaintiff sufficiently alleged an as-applied challenge in this case.

15   As explained above, Plaintiff has not alleged that he himself has suffered any

16   cognizable injury.  *See*, *supra*, pp. 4-7.  "The 'paradigmatic' type of as-applied

17   challenge is one that 'tests' a statute's 'constitutionality in one particular fact

18   situation while refusing to adjudicate the constitutionality of the law in other fact

19   situations."  *Hoye*, 653 F.3d at 854; *see also Isaacson v. Horne*, 716 F.3d 1213,

20   1230 (9th Cir. 2013).  Here, Plaintiff has not alleged that he personally has been

21   subject to a racial classification.  He has not alleged that the Attorney General has

22   threatened enforcement of the CVRA against the City of Poway.  He has not

23   alleged that there has been any finding that the City of Poway has violated the

24   CVRA.  For these reasons, Plaintiff's as-applied challenge must fail.

25   **B.    Plaintiff Has Not Sufficiently Alleged that the CVRA Should Be
          Subject to Strict Scrutiny**

26

27        Plaintiff alleges that the CVRA fails strict scrutiny and thus violates the

28   Fourteenth Amendment because "its 'race-based sorting of voters' does not serve a

1   'compelling interest' nor is it 'narrowly tailored.'"  Compl. at ¶ 5.  The CVRA does

2   not, however, sort voters by race.  In fact, the CVRA says nothing at all about *how*

3   lines are to be drawn in creating single-member districts.  The CVRA is a race

4   neutral statute that creates a cause of action for voters who wish to challenge the

5   use of an at-large voting system where racially polarized voting has occurred.  Cal.

6   Elec. Code, § 14032; *Sanchez*, 145 Cal. App. 4th at 666.  Because the CVRA does

7   not categorize voters based on race, it does not warrant strict scrutiny but is subject

8   instead to rational basis review.  *Sanchez*, 145 Cal. App. 4th at 680.

9        Indeed, the CVRA has previously withstood a facial Fourteenth Amendment

10  challenge.  In *Sanchez*, the Court declined to apply strict scrutiny because it found

11  that the CVRA did "not confer benefits or impose burdens on any particular racial

12  group and does not burden anyone's right to vote," *id*. at 683, and because "[a]ll

13  persons have standing under the CVRA to sue for race-based vote dilution because

14  all persons are members of a race."  *Id.* at 685.  The CVRA passed rational basis

15  review: "Curing vote dilution is a legitimate government interest and creation of a

16  private right of action like that in the CVRA is rationally related to it."  *Id*. at 688.

17  The plaintiffs raised a facial challenge to the CVRA, which the Court rejected

18  because Plaintiffs could not show that it was unconstitutional in all its applications.

19  *Id.* at 688.  Both the California Supreme Court and the United States Supreme

20  Court declined to review the appellate court's decision.  *Id*., *cert. denied*, 128 S.Ct.

21  438 (2007).

22        This Court should give significant weight to the *Sanchez* decision in

23  construing the CVRA because "when faced with a constitutional challenge [courts]

24  look to the words of the statute itself as well as state court interpretations of the

25  same or similar statutes."  *Cal. Teachers Ass'n*, 271 F.3d at 1147.  The *Sanchez*

26  court interpreted the CVRA to be a race neutral statute that creates a cause of action

27  available to any voter residing in a political subdivision with at-large elections.

28  This Court should afford this interpretation weight in its analysis, because "it is

13

solely within the province of the state courts to authoritatively construe state legislation." *Id.* at 1146.

### C. Plaintiff Has Not Sufficiently Alleged a Claim Under the Supreme Court's Redistricting Cases

Plaintiff alleges that the CVRA violates his Fourteenth Amendment rights because the creation of his new voting district "is traceable to the CVRA's requirement that the City engage in racial gerrymandering." Compl. at ¶ 7. He further alleges that "[t]he CVRA makes race the predominant factor in drawing electoral districts" and that "[i]ndeed, it makes race the only factor given that a political subdivision . . . must abandon its at-large system based on the existence of racially polarized voting and nothing more." Compl. at ¶ 56. Notably absent from the complaint are any allegations that Plaintiff himself was subject to a racial classification, or that voters in the City of Poway were sorted into districts based on race.

The § 2 redistricting cases Plaintiff relies upon in his complaint do not apply in this case.[2] As mentioned, these cases involve challenges to district maps or district lines themselves. *See*, *e.g.*, *Cooper*, 137 S.Ct. at 1463; *Bethune-Hill*, 137 S.Ct. at 797; *Miller v. Johnson*, 515 U.S. 900, 903 (1995). Thus, the standard of whether "race was a predominant factor" or whether "traditional districting principles were subordinated to race" simply do not apply where no specific district or map is at issue. These standards have never been applied to a state statute

---

[2] The CVRA overlaps to some extent with § 2 of the Federal Voting Rights Act (FVRA). 52 U.S.C. § 10301(a). The FVRA prohibits all forms of voting discrimination, including vote dilution. On the other hand, the CVRA specifically targets racially-polarized voting in at-large elections where it impairs the ability of voters belonging to a protected class to influence election outcomes. The imposition of a by-district election system is an accepted remedy for violations under either statute. *See*, *e.g.*, *Rogers*, 458 U.S. at 627-28 (upholding trial court's imposition of single-member districts as remedy where at-large system had been maintained for the purpose of denying a protected class equal access to the political process); *Sanchez*, 145 Cal. App. 4th at 670 (describing the types of district that might remedy a CVRA violation).

1    seeking to address vote dilution resulting from at-large elections and this Court

2    should decline to apply them in the case at hand.

3        Contrary to Plaintiff's claims, the CVRA does not require political

4    subdivisions to engage in racial gerrymandering in violation of the Fourteenth

5    Amendment.  Drawing single-member districts does not automatically result in

6    racial gerrymandering, as Plaintiff seems to allege.  Plaintiff has not alleged that the

7    City of Poway, in drawing Map 133, departed from California's statutory criteria

8    that enshrine traditional, non-racial districting principles.  *See* Cal. Elec. Code,

9    § 21601.  Absent such allegations, the City should be presumed to have followed

10   the law.  *See*, *Miller*, 515 U.S. at 916 ("[U]ntil a claimant makes a showing

11   sufficient to support that allegation the good faith of a state legislature must be

12   presumed.")  Because California law forbids the subordination of traditional

13   districting principles to race, while still requiring compliance with § 2 of the

14   FVRA, the CVRA does not pose a threat to equal protection under the Fourteenth

15   Amendment. Cal. Elec. Code, § 21601 ("In establishing the boundaries of the

16   council districts the council may give consideration to the following factors:

17   (a) topography, (b) geography, (c) cohesiveness, contiguity, integrity, and

18   compactness of territory, and (d) community of interests of the council districts.")

19       Because Plaintiff has failed to state a claim for relief that may be granted, his

20   complaint should be dismissed.  No allegations Plaintiff might add to his complaint

21   can solve the deficiencies outlined above, which render his claims untenable as a

22   matter of law.  Alleging additional facts will not change the CVRA, its

23   interpretation by the courts, or the inapplicability of the Supreme Court's

24   redistricting cases to the CVRA.  Therefore, the complaint should be dismissed

25   without leave to amend.  *Gompper v. VSIX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)

26   (leave to amend need not be granted when amendment would be futile) (citing

27   *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

28

1

## CONCLUSION

2       For the foregoing reasons, Defendant respectfully requests that the complaint

3  be dismissed in its entirety without leave to amend.

4

5  Dated:  November 22, 2017                 Respectfully Submitted,

6                                            XAVIER BECERRA
                                            Attorney General of California
7                                            MARK R. BECKINGTON
                                            Supervising Deputy Attorney General
8

9

10                                          *s/ Amie L. Medley*
                                            _____
11                                          AMIE L. MEDLEY
                                            Deputy Attorney General
12                                          *Attorneys for Attorney General Xavier*
                                            *Becerra*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

# CERTIFICATE OF SERVICE

Case Name:    **Higginson, Don v. Xavier**         No.    **3:17-CV-2032 WQHJLB**
              **Becerra, et al.**

I hereby certify that on <u>November 22, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANT XAVIER BECERRA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 22, 2017</u>, at Los Angeles, California.

| Beth Capulong | /s/ *Beth Capulong* |
|:---:|:---:|
| Declarant | Signature |

52706352.docx