UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON HIGGINSON,<br><br>    Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as ATTORNEY GENERAL OF CALIFORNIA; and CITY OF POWAY,<br><br>    Defendants. | Case No.: 17cv2032-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the motion for injunction pending appeal (ECF No. 69) filed by Plaintiff Don Higginson and the motion for reconsideration (ECF No. 74) filed by the California League of United Latin American Citizens (California LULAC), Jacqueline Contreras, Xavier Flores, Judy Ki, and Hiram Soto (collectively, "Proposed Defendant-Interveners").

**I.    BACKGROUND**

On October 4, 2017, Plaintiff Don Higginson initiated this action by filing a Complaint against Defendants Attorney General Xavier Becerra (the "Attorney General") and the City of Poway (the "City"). (ECF No. 1). Higginson alleged a cause of action pursuant to 42 U.S.C. §§ 1983 and 1988 for a violation of his rights under the Fourteenth Amendment.

1

Higginson asserted that the California Voting Rights Act ("CVRA") and the City's Map 133, allegedly enacted as a result of the CVRA, violate the equal protection clause. Higginson sought an order declaring the CVRA and Map 133 unconstitutional and enjoining their enforcement and use.

On October 19, 2017, Higginson filed a motion for a preliminary injunction. (ECF No. 11). Higginson sought a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) that temporarily enjoined "Defendant Attorney General Xavier Becerra and his agents from enforcing the California Voting Rights Act and Defendant City of Poway from using Map 133 for elections during the pendency of this action." *Id.* at 2. The City filed a response to the motion for a preliminary injunction stating that it takes a neutral position in this litigation and would not actively support or oppose the motion. (ECF No. 16 at 2). The Attorney General opposed the motion for a preliminary injunction on the grounds that Higginson lacks standing and "has not established a likelihood of success on the merits on his Fourteenth Amendment claim" or "any of the remaining factors . . . necessary to show he is entitled to a preliminary injunction." (ECF No. 22).

On November 6, 2017, the Proposed Defendant-Interveners filed a motion to intervene and lodged an opposition to the motion for a preliminary injunction. (ECF Nos. 18, 19).

On November 22, 2017, the Attorney General filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The Attorney General asserted that Higginson lacks Article III standing to bring this action and that Higginson fails to state a claim upon which relief can be granted. (ECF No. 33). Higginson filed a response in opposition and the City filed a response stating that it takes a neutral position with respect to the motion to dismiss. (ECF Nos. 48, 47).

On February 23, 2018, the Court issued a ruling on the pending motion to dismiss, motion for a preliminary injunction, and motion to intervene. (ECF No. 68). The Court concluded that Higginson failed to allege sufficient facts to establish Article III standing to bring his equal protection claim against the Attorney General and the City and dismissed

2

17cv2032-WQH-JLB

the Complaint without prejudice. The Court denied the motion for a preliminary injunction and stated that it "cannot conclude that Higginson has demonstrated a likelihood of success on the merits in light of the determination that the Complaint fails to allege sufficient facts to establish subject matter jurisdiction." *Id.* at 20. The Court denied without prejudice the motion to intervene by the Proposed Defendant-Interveners as moot in light of the dismissal of the Complaint for lack of jurisdiction.

On February 27, 2018, Higginson filed a motion for injunction pending appeal. (ECF No. 69). Pursuant to Federal Rule of Civil Procedure 62(c) and 8(a)(1), Higginson seeks "an order enjoining Defendant Attorney General Xavier Becerra and his agents from enforcing the California Voting Rights Act and Defendant City of Poway from using Map 133 for elections during the pendency of Plaintiff's appeal." (ECF No. 69 at 2).

On March 13, 2018, the City filed a response stating that it "intends to take a neutral position in this lawsuit" and "will not support or oppose the Motion." (ECF No. 71 at 2). The City requests a ruling as soon as possible and states that "[a]bsent an order of the Court directing otherwise, the City will implement district elections pursuant to its Ordinance No. 809 (the 'Ordinance'), codified in Chapter 2.04 of the City's Municipal Code." *Id.*

On March 13, 2018, the Attorney General filed a response in opposition to the motion for an injunction pending appeal. (ECF No. 72).

On March 16, 2018, Higginson filed a reply in support of the motion for an injunction pending appeal. (ECF No. 73).

On March 19, 2018, the Proposed Defendant-Interveners filed a motion for reconsideration of the Order denying their motion to intervene. (ECF No. 74).

On March 20, 2018, Higginson filed a response in opposition to the motion for reconsideration. (ECF No. 75).

On March 28, 2018, the Proposed Defendant-Interveners filed a reply. (ECF No. 77).

**II.  MOTION FOR AN INJUNCTION PENDING APPEAL**

Higginson requests that "the Court enjoin, for the pendency of [Higginson's] appeal, [the Attorney General] and his agents from enforcing the California Voting Rights Act and [the City] from using Map 133 for future elections." (ECF No. 69-1 at 2). Higginson asserts that he intends to file a notice of appeal and a motion to expedite the appeal with the Ninth Circuit Court of Appeals once the Court rules on this motion. Higginson contends that the Court should issue an injunction pending appeal despite the Court's denial of preliminary injunctive relief because there is a plausible argument that serious questions on the merits exist and that irreparable injury may result if no injunction issues. Higginson contends that he has standing to bring this lawsuit and that the Court's prior conclusion that he lacks standing was incorrect. Higginson contends that he has established a likelihood of success on the merits and that he is likely to suffer the irreparable harm of the infringement of his constitutional right to vote. Higginson contends that the balance of equities and public interest factors for injunctive relief also weigh in his favor.

The Attorney General contends that the Court lacks subject matter jurisdiction in this action and therefore cannot grant any relief. Further, the Attorney General contends that Higginson has failed to establish that he is entitled to an injunction even if the Court had jurisdiction to issue an injunction. The Attorney General asserts, "[Higginson] offers no reason this Court should reconsider its ruling and the Court should decline to do so." (ECF No. 72 at 2).

Federal Rule of Civil Procedure 62(c) states, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). Federal Rule of Appellate Procedure 8(a)(1) provides that "[a] party must ordinarily move first in the district court for . . . (C) an order . . . granting an injunction while an appeal is pending." Fed. R. App. 8(a)(1).

The standard for granting an injunction pending appeal is generally the same as the standard for granting a preliminary injunction. *See Nken v. Holder*, 556 U.S. 418, 434

(2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted); *see also Sierra Forest Legacy v. Rey*, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) ("Like any injunction, an injunction pending appeal is an extraordinary remedy that should be granted sparingly"). District courts have determined in some cases that an injunction pending appeal may be appropriate even where the district court previously denied a request for a preliminary injunction. *See Am. Beverage Ass'n v. City & Cty. of San Francisco*, No. 15-CV-03415-EMC, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016) ("Thus, an injunction pending appeal may be appropriate, even if the Court believed its analysis in denying preliminary injunctive relief is correct. This is such a case."); *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) ("An injunction is frequently issued where the trial court is charting a new and unexplored ground and the court determines that a novel interpretation of the law may succumb to appellate review.").

In this case, the Court determined that Higginson "fail[ed] to allege sufficient facts to establish Article III standing to bring his equal protection claim." ECF No. 68 at 19; *see Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."). "The Court cannot conclude that Higginson has demonstrated a likelihood of success on the merits in light of the determination that the Complaint fails to allege sufficient facts to establish subject matter

jurisdiction." (ECF No. 68 at 20). Higginson has failed to satisfy his burden to demonstrate that the extraordinary remedy of an injunction pending appeal is warranted in this action.

In his reply in support of the motion for injunction pending appeal, Higginson states, "Higginson does not intend to amend his complaint . . . . Thus, if the Court is not inclined to reconsider its decision . . . Higginson requests entry of final judgment so he may appeal." (ECF No. 73 at 2 n.1). The Ninth Circuit Court of Appeals has held that a plaintiff who believes a complaint is adequately plead and chooses not to amend following dismissal may obtain an appealable final judgment by "filing in writing a notice of intent not to file an amended complaint." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) (citing *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997)). The request for entry of final judgment is granted.

### III. MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO INTERVENE

The Proposed Defendant Interveners move for reconsideration of the Order denying the Proposed Defendant-Interveners' motion to intervene pursuant to Federal Rule of Civil Procedure 60(b). The Proposed Defendant-Interveners contend that reconsideration is warranted on the basis of changed circumstances or new facts now before the Court based on Higginson's motion for an injunction on appeal and his planned appeal. The Proposed Defendant-Interveners contend that by filing a notice of appeal and continuing to pursue an injunction that will harm their interests, "the question of intervention has been kept alive" and the Proposed Defendant-Interveners' interests may be adversely affected by decisions made on the pending motion for injunction and by the appellate courts. (ECF No. 74-1 at 4). The Proposed Defendant-Interveners contend that upon reconsideration of the motion to intervene, the Court should grant intervention as of right. The Proposed Defendant-Interveners contend that amicus curiae statues "will be insufficient to protect their interests on appeal." (ECF No. 77 at 1).

Higginson contends that the motion for reconsideration should be denied because the Federal Rule of Appellate Procedure 29 provides the appropriate mechanism for

Proposed Defendant-Interveners to participate in this case on appeal through the filing of an amicus curiae brief. Further, Higginson asserts that he "will not oppose any motion by Proposed Defendant-Interveners to participate as *amicus curiae*." (ECF No. 75 at 2). Higginson contends that the motion to intervene should be denied for the reasons articulated in his initial opposition to the motion to intervene "[i]n the event that the Court *sua sponte* reconsiders its order on the Attorney General's motion to dismiss[.]" *Id.*

Federal Rule of Civil Procedure 60(b) provides that a

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

> Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if "a significant change either in factual conditions or in law" renders continued enforcement "detrimental to the public interest."

*Horne v. Flores*, 557 U.S. 433, 447 (2009) (citing *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief . . . ." *Id.*

"A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), "[w]hat qualifies as a reasonable time depends on the facts of each case[,]" and "[t]he relevant facts may include the length and circumstances of the delay and the possibility of prejudice to the opposing

party." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007) (citations omitted). Local Rule 7.1(i)(2) provides that "[e]xcept as may be allowed under Rule . . . 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1(i)(2).

In this case, the Court determined that it lacked subject matter jurisdiction and dismissed the Complaint without prejudice. The Court also dismissed the motion to intervene as moot in light of this determination. *See Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1184 (9th Cir. 2002) (holding that a district court properly denied a motion to intervene as moot where it dismissed an action for lack of jurisdiction because "[t]here remained no controversy in which [a party] could intervene."). Higginson's filing of a motion for an injunction pending appeal and his stated intent to file a notice of appeal do not constitute changed circumstances warranting reconsideration. The Court concludes that the Proposed Defendant-Interveners have not satisfied their burden of demonstrating that reconsideration is appropriate.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion for an injunction pending appeal (ECF No. 69) is DENIED.

IT IS FURTHER ORDERED that the motion for reconsideration (ECF No. 74) is DENIED.

IT IS FURTHER ORDERED that pursuant to the request of Plaintiff Don Higginson, the Complaint is dismissed with prejudice and the Clerk of Court is directed to enter final judgment in this matter.

Dated: April 5, 2018

Hon. William Q. Hayes
United States District Court