

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DON HIGGINSON,

    Plaintiff - Appellant,

v.

XAVIER BECERRA, in his official capacity as Attorney General of California and CITY OF POWAY,

    Defendants - Appellees.

No. 18-55455

D.C. No. 3:17-cv-02032-WQH-JLB
U.S. District Court for Southern California, San Diego

**MANDATE**

The judgment of this Court, entered June 14, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

    FOR THE COURT:

    MOLLY C. DWYER
    CLERK OF COURT

    By: Jessica F. Flores Poblano
    Deputy Clerk
    Ninth Circuit Rule 27-7

**FILED**

**NOT FOR PUBLICATION**

JUN 14 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON HIGGINSON,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; CITY OF POWAY,<br><br>        Defendants-Appellees. | No. 18-55455<br><br>D.C. No.<br>3:17-cv-02032-WQH-JLB<br><br>MEMORANDUM[*] |
| DON HIGGINSON,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; CITY OF POWAY,<br><br>        Defendants,<br><br> v.<br><br>CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS; | No. 18-55506<br><br>D.C. No.<br>3:17-cv-02032-WQH-JLB |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

> JACQUELINE CONTRERAS; XAVIER FLORES; JUDY KI; HIRAM SOTO, Proposed Defendant-Intervenors,
>
> Movants-Appellants.

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 7, 2018
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and HELLERSTEIN,[**] District Judge.

Plaintiff Don Higginson timely appeals the district court's dismissal of this action for lack of subject matter jurisdiction. The district court ruled that Plaintiff does not have standing to sue either the Attorney General of California, Xavier Becerra, or the City of Poway ("the City") for allegedly violating his rights under the Equal Protection Clause when the City adopted the by-district election scheme of Map 133 to avoid litigation under the California Voting Rights Act ("CVRA"). Reviewing de novo, Arakaki v. Lingle, 477 F.3d 1048, 1056 (9th Cir. 2007), we reverse and remand.

---

[**] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

1. We reverse the dismissal of the City. Plaintiff has standing to sue the City to challenge its adoption of Map 133. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (laying out the requirements of Article III standing). Plaintiff has adequately alleged that he resides in a racially gerrymandered district and that the City's adoption of Map 133 reduced the number of candidates for whom he can vote. This alleged injury is concrete and particularized, directly traceable to the City's adoption of Map 133, and potentially redressable by an injunction requiring the City to return to its former system of at-large elections. Accordingly, Plaintiff can bring this as-applied challenge to the City's actions, including his argument that the City violated his rights because the CVRA, with which the City sought to comply, is unconstitutional under the Equal Protection Clause.

2. We also reverse the dismissal of the Attorney General. On remand, the Attorney General will remain a defendant unless, at his request, the district court redesignates him as an intervenor.

3. Our holdings above render Proposed Intervenors' motion to participate in the litigation not moot. We now grant that motion on the merits. See United States v. Sprint Commc'ns, Inc., 855 F.3d 985, 995 (9th Cir. 2017) (concluding, first, that the motion to intervene was not moot and then deciding the motion on the merits).

We review de novo the district court's decision regarding intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), and we construe that rule liberally.  Arakaki v. Cayetano, 324 F.3d 1078, 1082–83 (9th Cir. 2003).  We conclude that Proposed Intervenors meet all four requirements for intervention as of right.

**REVERSED and REMANDED** for further proceedings consistent with this disposition.