UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON HIGGINSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Xavier Becerra, in his official capacity as Attorney General of California; City of Poway,<br><br>　　　　　　　　　　Defendants,<br><br>v.<br><br>California LULAC, Hiram Soto, Judy Ki, Jacqueline Contreras, Xavier Flores,<br><br>　　　　　　　　　　Intervenor-Defendants. | Case No.: 17cv2032-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the status of Plaintiff's claims against Defendant City of Poway and Intervenor-Defendants California LULAC, Hiram Soto, Judy Ki, Jacqueline Contreras, and Xavier Flores.

　　On February 4, 2019, the Court granted the Motion to Dismiss filed by Defendant Attorney General Xavier Becerra, stating that "Higginson's allegations do not support the inference that state actors—those who passed the CVRA, or those who implemented it

through Map 133—classified Higginson into a district because of his membership in a particular racial group." (ECF No. 127 at 13). The Court ordered, "Plaintiff shall file any motions for leave to file an amended complaint, or show cause why the Complaint (ECF No. 1) should not be dismissed as to Defendant City of Poway and Intervenor-Defendants California LULAC, Hiram Soto, Judy Ki, Jacqueline Contreras, and Xavier Flores, within thirty days of the date of this Order." *Id.* at 15. On February 18, 2019, Plaintiff filed a response to the Court's Order. (ECF No. 128). Plaintiff states,

> Plaintiff does not intend to file a motion for leave to amend the complaint. . . . [A]lthough Plaintiff disagrees with the Court's ruling, Plaintiff acknowledges that the Court's holding forecloses his claims against the City and Intervenor-Defendants. . . . Th[e] reasoning would apply with equal force to Plaintiff's claims against the City and Intervenor-Defendants. Because any further litigation against the City or Intervenor-Defendants would be futile in light of the Court's ruling on the Attorney General's motion to dismiss, the Court should dismiss the claims against the remaining Defendants and enter final judgment, thereby allowing Plaintiff to seek review in the Ninth Circuit against all Defendants.

*Id.* at 2–3.

The Ninth Circuit Court of Appeals has held that a plaintiff who believes a complaint is adequately pled and chooses not to amend following dismissal may obtain an appealable final judgment by "filing in writing a notice of intent not to file an amended complaint." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) (citing *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997)). The request for entry of final judgment is granted.

IT IS HEREBY ORDERED that pursuant to the request of Plaintiff Don Higginson, the Complaint (ECF No. 1) is dismissed with prejudice and the Clerk of Court is directed to enter final judgment in this matter against Plaintiff and in favor of all defendants.

Dated: March 5, 2019

Hon. William Q. Hayes
United States District Court